HAMMERSCHMIDT & FRANZEN CO., PETITIONER, COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13751. Promulgated June 25, 1928.

*George C. Bunge, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

**814**

OPINION.

MARQUETTE: The only question presented by the record in this proceeding is whether the petitioner, in computing its net income for the year 1920, is entitled to deduct in that year the amount of $7,041.12 owing to it by the Schwalge Company. Upon consideration of the evidence we are of the opinion that the debt in question was, in fact, worthless in 1920 and that it was so ascertained and charged off by the petitioner in that year and therefore is a proper deduction. The evidence shows that the petitioner had furnished

the Schwalge Company mill work and that on December 31, 1920, the Schwalge Company was indebted to the petitioner in the amount of $7,041.12, and that no payments had been made on the account since January, 1920. William Schwalge, president of the Schwalge Company, had from time to time been requested to make payment on the account and had informed the petitioner that his company was unable to do so, at least until business conditions improved. The Schwalge Company had been operating at a loss during its existence, and on December 31, 1920, its assets were of little value and if forced into liquidation the company probably could pay little or nothing to its creditors. These conditions were known to the petitioner's officers and stockholders. We think that under the circumstances the debt was in fact worthless on December 31, 1920, and that the petitioner was justified in so considering it.

It is urged, however, by the respondent, that the debt was not charged off on the petitioner's books in December, 1920. It is true that the entries in regard to the debt were made in a rather unusual manner, but nevertheless they had the effect of reducing the petitioner's net income for 1920, and its net worth as shown by its balance sheet. The debt was still carried on the customer's ledger but that procedure is explained by the fact that although the petitioner considered the debt worthless and had effectually eliminated it from its balance sheet, it did not desire that Schwalge should be informed of these facts.

It is further urged on behalf of the respondent that the debt in question was not considered worthless by the petitioner in 1920 because in 1921 and subsequent thereto the petitioner extended further credit to the Schwalge Company. In view of the circumstances surrounding the extension of further credit, that argument does not impress us. In 1920 the Schwalge Company was largely controlled by William Schwalge. In the early part of 1921 Schwalge transferred all of his stock to the petitioner's stockholders, Hammerschmidt, Franzen and Bunge. Thereafter a majority of the stock of the petitioner and the Schwalge Company were both owned by Hammerschmidt, Franzen and Bunge, and the petitioner in extending further credit to the Schwalge Company was in effect extending credit to its own stockholders. In view of the conditions existing in 1921 and subsequent thereto, we do not believe that the extension of credit to the Schwalge Company in those years has any bearing on whether the debt in question was worthless on December 31, 1920.

*Judgment will be entered under Rule 50.*